IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-79-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RANDOLPH JAMES CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

On August 2, 2010, pursuant to a written plea agreement, James Randolph Campbell ("Campbell") pleaded guilty to conspiracy to possess with intent to distribute a quantity of cocaine and a quantity of marijuana (count one), and possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting (count two). See [D.E. 16, 18]. On February 16, 2012, the court held Campbell's sentencing hearing. See [D.E. 59, 60]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Campbell's total offense level to be 42, his criminal history category to be III, and his advisory guideline range on count one to be 240 months' imprisonment, and 60 months' consecutive imprisonment on count two. See Statement of Reasons. After granting the government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) [D.E. 58] and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Campbell to 132 months' imprisonment on count one and 60 months' consecutive imprisonment on count two. See [D.E. 60].

On October 1, 2015, Campbell moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines and filed a memorandum in

support. See [D.E. 67, 68]. On May 31, 2018, the government responded in opposition. See [D.E. 75].

Campbell is not entitled to relief. Amendment 782 does not lower Campbell's advisory guideline range. Even if the court lower's Campbell's base offense level from 34 to 32, the victim-related adjustment, the role-in-offense adjustment, and the obstruction-of-justice adjustment would produce an adjusted offense level of 43. See PSR ¶¶ 47–52. Subtracting three levels for acceptance of responsibility yields a total offense level of 40. See id ¶¶ 53–55. When total offense level 40 is coupled with a criminal history category III, Campbell's advisory guideline range on count one remains the statutory maximum of 240 months' imprisonment. Thus, Campbell is not entitled to relief. See 18 U.S.C. § 3582(c). Accordingly, the motion is denied.

Alternatively, even if the court has discretion to reduce Campbell's sentence, the court would decline to do so. See, e.g., Chavez-Meza v. United States, No. 17-5639, 2018 WL 3013811, at *4–7 (U.S. June 18, 2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Campbell's sentence, the court finds that Campbell engaged in serious criminal behavior. See PSR ¶¶ 5–10. Moreover, Campbell is a recidivist, with convictions for second degree trespass (two counts), possession of marijuana (five counts), possession of a schedule VI controlled substance (four counts), possession with intent to sell and

deliver cocaine, maintaining a vehicle, dwelling, or place for controlled substances, and felony possession of marijuana. See id. ¶¶ 12–20. Campbell also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 13–15, 20, 41–44. Nonetheless, Campbell has taken some positive steps while incarcerated on his federal sentence. See [D.E. 68-1]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Campbell received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Campbell's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Campbell's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 2018 WL 3013811, at *4–7; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Campbell's motion for reduction of sentence [D.E. 67].

SO ORDERED. This 19 day of June 2018.

J. Dever
JAMES C. DEVER III
Chief United States District Judge

3